## COURT OF COMMION PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CRUSA CINCINNATI, LLC<br>11309 Deerfield Road<br>Cincinnati, Ohio  45242 | : <br>: <br>: <br>: | Case No.<br><br>Judge: |
| Plaintiff | : <br>: | COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES WITH |
| -vs- | : <br>: | JURY DEMAND |
| RANDY M. O'HARA<br>1200 Darvyville Drive<br>Florence, Kentucky 41042 | : <br>: <br>: <br>: | |
| and | : <br>: | |
| SERVPRO OF CAMPBELL<br>COUNTY<br>731 Red Mile Road<br>Lexington, Kentucky 40504 | : <br>: <br>: <br>: <br>: | |
| and | : <br>: | |
| SERVPRO OF ANDERSON,<br>FRANKLIN & SCOTT COUNTIES<br>  JPJS Operations, Inc.<br>  Serve:  John C. Roach<br>  176 Pasadena Drive<br>  Building One<br>  Lexington, Kentucky 40503 | : <br>: <br>: <br>: <br>: <br>: <br>: | |
| and | : <br>: | |
| SERVPRO OF ANDERSON,<br>FRANKLIN & SCOTT COUNTIES<br>  JJP Enterprises, Inc.<br>  Serve: Jason C. Phillips<br>  731 Red Mile Road<br>  Lexington, Kentucky 40504 | : <br>: <br>: <br>: <br>: <br>: <br>: | |
| and | : <br>: | |

1

E-FILED 05/09/2023 4:27 PM / CONFIRMATION 1318630 / A 2301964 / COMMON PLEAS DIVISION / IFIJ

| | |
|---|---|
| **SERVPRO OF ANDERSON,** | : |
| **FRANKLIN AND SCOTT** | : |
|   **COUNTIES** | : |
|   Servpro of Lexington, Inc. | : |
|   Serve: Jason C. Phillips | : |
|   4009 Park Central Avenue | : |
|   Nicholasville, Kentucky 40356 | : |
| | : |
|        and | : |
| | : |
| **SERVPRO OF VERSAILLES,** | : |
| **NICHOLASVILLE & DANVILLE** | : |
|   JJP Enterprises, Inc. | : |
|   Serve: Jason C. Phillips | : |
|   731 Red Mile Road | : |
|   Lexington, Kentucky 40504 | : |
| | : |
|        and | : |
| | |
| **SERVPRO OF VERSAILLES,** | : |
| **NICHOLASVILLE & DANVILLE** | : |
|   Servpro of Lexington, Inc. | : |
|   Serve: Jason C. Phillips | : |
|   4009 Park Central Avenue | : |
|   Nicholasville, Kentucky 40356 | : |
| | : |
|        and | : |
| | : |
| **SERVPRO OF BOURBON, CLARK** | : |
| **HARRISON & MONTGOMERY** | : |
|   **COUNTIES** | : |
|   JJP Enterprises, Inc. | : |
|   Serve: Jason C. Phillips | : |
|   731 Red Mile Road | : |
|   Lexington, Kentucky 40504 | : |
| | : |
|        and | : |
| | : |
| **SERVPRO OF BOURBON, CLARK** | : |
| **HARRISON & MONTGOMERY** | : |
|   **COUNTIES** | : |
|   Servpro of Lexington, Inc. | : |
|   Serve: Jason C. Phillips | : |
|   4009 Park Central Avenue | : |
|   Nicholasville, Kentucky 40356 | : |

|  |  |
|---|---|
| and | : |
|  | : |
| **SERVPRO OF SHELBYVILLE,** | : |
| **OLDHAM, HENRY, SPENCER** | : |
| **& TRIMBLE COUNTIES** | : |
| 731 Red Mile Road | : |
| Lexington, Kentucky 40504 | : |
|  | : |
| and | : |
|  | : |
| **LARRY CARTER** | : |
| 731 Red Mile Road | : |
| Lexington, Kentucky 40504 | : |
|  | : |
| and | : |
|  | : |
| **JEFFREY SMITH** | : |
| 731 Red Mile Road | : |
| Lexington, Kentucky 40504 | : |
|  | : |
| and | : |
|  | : |
| **JASON PHILLIPS** | : |
| 731 Red Mile Road | : |
| Lexington, Kentucky 40504 | : |
|  | : |
| **Defendants.** | : |

Plaintiff, CRUSA Cincinnati, LLC ("Plaintiff"), for its complaint against Defendants, Randy O'Hara ("O'Hara"); Servpro of Campbell County; Servpro of Anderson, Franklin & Scott Counties, an assumed name of JPJS Operations, Inc.; Servpro of Versailles, Nicholasville & Danville, an assumed name of JJP Enterprises, Inc. and Servpro of Lexington, Inc.; Servpro of Bourbon, Clark, Harrison & Montgomery Counties, an assumed name of JJP Enterprises, Inc. and Servpro of Lexington, Inc.; Servpro of Shelbyville, Oldham, Henry, Spencer and Trimble Counties; and Servpro of Boone, Kenton and Campbell Counties (all such Defendants being

referred to as "the Servpro Entities"); Larry Carter ("Carter"), Jeffrey Smith ("Smith") and Jason Philllips (all such Defendants being referred to as "the Servpro Principals"), states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is a limited liability company organized under the laws of the State of Delaware and registered to do business in the State of Ohio, with a primary office in Hamilton County, Ohio.

2. O'Hara is an individual and, upon information and belief, is a resident of the Commonwealth if Kentucky. O'Hara engaged in conduct giving rise to Plaintiff's claims and breached a contract entered into in Hamilton County, Ohio.

3. The Servpro Entities are an interrelated group of businesses operating franchises for "Servpro," a construction restoration company which is a direct competitor of Plaintiff. All of the Servpro Entities engaged in conduct giving rise to Plaintiff's claims and caused the breach of a contract entered into in Hamilton County, Ohio.

4. Upon information and belief, Defendant, Servpro of Campbell County, is an inactive limited liability company which the Servpro Entities still operate as a business.

5. Upon information and belief, Defendant, Servpro of Anderson, Franklin and Scott Counties, is an "assumed name corporation" for JPJS Operations, Inc., a Kentucky corporation.

6. Upon information and belief, Defendant, Servrpro of Versailles, Nicholasville & Danville, is an "assumed name corporation" for JJP Enterprises, Inc. and Servpro of Lexington, Inc., both Kentucky corporations.

7. Upon information and belief, Defendant, Servpro of Bourbon, Clark, Harrison & Montgomery Counties, is an "assumed name corporation" for JJP Enterprises, Inc. and Servpro of Lexington, Inc., both Kentucky corporations.

8. Upon information and belief, Defendant, Servpro of Shelbyville, Oldham, Henry, Spencer and Trimble Counties, is a business operating under a fictitious name in the Commonwealth of Kentucky.

9. Upon information and belief, Defendant, Servpro of Boone, Kenton and Campbell Counties, is a business operating under a fictitious name in the Commonwealth of Kentucky.

10. The Servpro Principals are affiliated with the Servpro Entities and engaged in conduct giving rise to Plaintiff's claims and caused the breach of a contract entered into in Hamilton County, Ohio.

11. Upon information and belief, Defendant, Larry Carter, is an individual and operates the Servpro Entities from an office in Lexington, Kentucky.

12. Upon information and belief, Defendant, Jeffrey Smith, is an individual and operates the Servpro Entities from an office in Lexington, Kentucky.

13. Upon information and belief, Defendant, Jason Philllips, is an individual and operates the Servpro Entities from an office in Lexington, Kentucky.

14. Jurisdiction and venue are proper in this Court because the conduct giving rise to Plaintiff's claims occurred in Hamilton County, Ohio and because the agreement upon which Plaintiff's claims are based was entered into in Hamilton County, Ohio.

**Factual Allegations Common to All Claims**

15. Plaintiff incorporates Paragraphs 1 through 14 of its complaint as if fully set forth herein.

16. Plaintiff is in the business of restoration construction, often responding to claims involving such calamities as fire and floods. Plaintiff is a direct competitor of the Servpro Entities.

17. Since May 5, 2009, O'Hara has been employed in a key role by Plaintiff and its predecessors, Bryant Hartke Group, LLC, a/k/a "Bryant Hartke Construction" and BH Property Restoration, LLC. In connection with this employment, O'Hara has obtained confidential and trade secret information concerning Plaintiff's customers, systems, manners of doing business and other proprietary and confidential information.

18. On February 1, 2023, Plaintiff and O'Hara memorialized their employment relationship by executing the agreement, a copy of which is attached hereto as Exhibit A and the terms of which are incorporated herein by reference ("the Agreement").

19. By entering into the Agreement, O'Hara has acknowledged the following:

    a. that he has promised to devote his full time, services, attention and efforts to the performance of his duties as an employee of Plaintiff;

    b. that he has agreed not to be involved in any outside professional and/or business activities of any kind without Plaintiff's written consent;

    c. that he has consented to maintain the confidentiality of Plaintiff's proprietary and trade secret information, as the same is defined by the Agreement, including, but not limited to, that relating to Plaintiff's customers, and not to disclose the same to any person, firm or corporation during the term of the Agreement and thereafter and has admitted that Plaintiff has a legitimate business interest in protecting this information;

    d. that he has promised not to solicit Plaintiff's customers during the term of the Agreement and for a period of 18 months following its termination on his own behalf or on behalf of a third party to the Agreement;

    e. that he will not compete with Plaintiff in Ohio and Kentucky, both during the term of the Agreement and for the 18-month period following termination of the Agreement;

    f. that any property belonging to Plaintiff to which he had access during his employment with Plaintiff remains Plaintiff's property following his departure

from employment with Plaintiff and that he will not share such property with third parties nor attempt to duplicate it for his own use or that of third parties; and

g. that he consents to the imposition of an injunction for the breach of any of the provisions set forth above but that such injunctive relief is not the sole remedy to which Plaintiff is entitled.

20. Upon information and belief, beginning as early as the fourth quarter of 2022, O'Hara began a working relationship with the Servpro Entities, at the behest of the Servpro Principals, which relationship was designed to benefit the Servpro Entities to the detriment of Plaintiff.

21. On or about November 22, 2022, *before O'Hara signed the Agreement*, the Servpro Entities, through the Servpro Principals, made O'Hara a concrete offer to employ him in direct competition with Plaintiff. This offer allowed O'Hara to compete with Plaintiff in the Northern Kentucky area and, upon information and belief, would have required O'Hara to attempt to contact Plaintiff's customers to influence them to work with the Servpro Entities. The offer contemplated full time employment, thus, if O'Hara accepted it, he would have been unable to fulfill his duties to Plaintiff.

22. In early 2023, *before O'Hara signed the Agreement*, he contacted Carter to inquire about referring customers to the Servpro Entities in Northern Kentucky.

23. Again, in early 2023, *before O'Hara signed the Agreement*, Smith contacted O'Hara to inquire as to when O'Hara could begin working with the Servpro Entities. O'Hara advised Smith that he was waiting for additional compensation that he was owed by Plaintiff and alluded to something that Plaintiff wanted him to execute, presumably the Agreement. During this conversation, O'Hara disparaged one of Plaintiff's principals, Harold Bryant, and referred to him as "sneaky" and "shady." Upon information and belief, at about this same time, O'Hara advised Smith that he did not want to leave his association with Plaintiff

7

because of commissions that he hoped to obtain from Plaintiff. These discussions continued until late January, just prior to the time at which O'Hara signed the Agreement.

24. Upon information and belief, during March, 2023, O'Hara provided all or a portion of the Agreement to Smith, and Smith had the Agreement reviewed by counsel representing the Servpro Entities. Smith also advised O'Hara during this period of time that he "wished O'Hara had not signed the Agreement," apparently recognizing that its provisions were prohibitive of the conduct in which O'Hara, the Servpro Entities and the Servpro Principals were engaged.

25. Also during March, 2023, the discussions between O'Hara and the Sevpro Entities about O'Hara formally leaving Plaintiff's employ continued.

26. During April, 2023, during a series of meetings between Plaintiff's principals and O'Hara, O'Hara announced his intentions to leave Plaintiff's employment and represented that he was going to seek employment with a property management company. O'Hara advised Plaintiff that he did not intend to work for a business which might compete with Plaintiff, despite the fact that he had been doing so since the fall of 2022.

27. O'Hara continued to work for Plaintiff, and was paid by Plaintiff, until on or about April 14, 203, when he formally resigned.

28. Upon information and belief, O'Hara has utilized Plaitniff's confidential information for the betterment of the Servpro Entities.

8

## Count One
## Breach of Contract
## (O'Hara)

29. Plaintiff incorporates Paragraphs 1 through 27 of its Complaint as if fully set forth herein.

30. Since May, 2009, Plaintiff and its predecessors and O'Hara have had a contractual relationship which was eventually memorialized by the Agreement.

31. By consorting with the Servpro Entities and Servpro Principals, misappropriating Plaintiff's trade secrets and confidential information, engaging in acts disloyal to Plaintiff and by his other conduct enumerated herein, Plaintiff has breached such contractual relationship and the terms of the Agreement.

32. Plaintiff has been damaged by such breach in the amount of at least $25,000.00, an amount to be further proven at trial.

## Count Two
## Injunctive Relief
## (O'Hara, the Servpro Entities, the Servpro Principals)

33. Plaintiff incorporates Paragraphs 1 through 31 of its Complaint as if fully set forth herein.

34. Because of the actions described herein, Plaintiff is entitled to an injunction prohibiting O'Hara, the Servpro Entities and the Servpro Principals from misappropriating its trade secrets and confidential information or attempting to secure business from its customers.

35. Although Plaintiff is entitled to money damages, the same are inadequate to redress the present and future harm caused by the actions of all Defendants.

## Count Three
### Tortious Interference with Contract and Relationship
### (the Servpro Entities, the Servpro Principals)

36. Plaintiff incorporates Paragraphs 1 through 34 of its Complaint as if fully set forth herein.

37. At all relevant times, a valid contractual agreement has existed between Plaintiff and O'Hara.

38. As set forth herein, the Servpro Entities and the Servpro Principals had knowledge of such contractual relationship at all relevant times.

39. By causing O'Hara to breach such agreement, the Servpro Entities and the Servpro Principals acted intentionally and improperly.

40. Plaintiff has been harmed by such actions in the amount of at least $25,000.00, an amount to be further proven at trial.

## Count Four
### Violation of Trade Secrets Acts
### (O'Hara, the Servpro Entities, the Servpro Principals)

41. Plaintiff incorporates Paragraphs 1 through 39 of its Complaint as if fully set forth herein.

42. By engaging in the acts enumerated herein, O'Hara, the Servpro Entities and the Servpro Principals have violated Ohio's Trade Secrets Act, ORC §§1333.61, *et seq.* and Kentucky's Trade Secrets Act, KRS §§365.880, *et seq.*

43. Because of such violations, Plaintiff is entitled to injunctive relief, compensatory damages, punitive damages and attorney fees.

WHEREFORE, Plaintiff respectfully requests that the Court award it the following relief:

A. for an injunction against O'Hara, the Servpro Entities and the Servpro Principals requiring the return of any confidential or trade secret information which they have misappropriated from Plaintiff;

10

B. for an injunction against O'Hara, the Servpro Entities and the Servpro Principals prohibiting them from soliciting any business from Plaintiff's designated customers for the period of time set forth in the Agreement;

C. for compensatory damages in the amount of at least $25,000.00, for which they are responsible jointly and severally, an amount to be further proven at trial;

D. for punitive damages, for which they are responsible jointly and severally;

E. for attorney fees, for which they are responsible jointly and severally;

F. for Plaintiff's costs incurred in this action, for which they are responsible jointly and severally;

G. for such other and further relief as the Court deems appropriate.

Respectfully submitted,

DRODER & MILLER CO., L.P.A.

_____
Donald A. Lane (0038974)
Jonathon A. Powell (0099502)
Attorneys for Plaintiff
250 East Fifth Street, Suite 700
Cincinnati, Ohio 45202
513/721-1504 x304
513/721-0310 facsimile
dlane@drodermiller.com

### Jury Demand

Plaintiffs hereby demands a jury trial by the maximum persons permitted by law and all issues triable to a jury.

_____
Donald A. Lane (0038974)
Jonathon A. Powell (0099502)
Attorneys for Plaintiff

11

## PRAECIPE FOR SERVICE

**To the Clerk:**

Please serve the Defendant at the addresses provided on the caption of this Complaint by certified U.S. Mail, return receipt requested.

*/s/ Donald A. Lane*
Donald A. Lane (0038974)
Jonathon A. Powell (0099502)
Attorneys for Plaintiff

12